UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON DESHON SPEARS,

    Plaintiff,

v.    Case No:  2:07-cv-648-FtM-29SPC
     Case No. 2:03-CR-134-FTM-29SP

UNITED STATES OF AMERICA,

    Defendant.

### ORDER

This matter comes before the Court on petitioner's Motion to Reconsider, In Light of Welch v. U.S. (Doc. #194) filed on May 2, 2016. Petitioner seeks reconsideration of the Court's July 27, 2015, Opinion and Order (Doc. #189) denying reconsideration of the Court's prior determinations that his second robbery conviction was a violent felony, and reconsideration of the Court's September 16, 2015, Order (Doc. #191) denying reconsideration of the Opinion and Order because petitioner's qualifying predicate convictions were based on the "elements" clause, and not the residual clause. Petitioner argues that Welch v. United States, ___ U.S. ___, 136 S. Ct 1257 (2016) found Johnson v. United States, 135 S. Ct. 2551 (2015) retroactive, and therefore both decisions must be reconsidered in light of Welch.

On December 24, 2008, the Court issued an Opinion and Order (Doc. #48) denying petitioner's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  Subsequently and over the years, petitioner filed numerous appeals and motions for reconsideration.

Despite the label attached to the instant motion, petitioner is seeking new relief under Johnson made retroactive by Welch and "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals."  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).  See 28 U.S.C. § 2255(h)(2) (when a previously unavailable and new rule of constitutional law is made retroactive to cases on collateral review by the United States Supreme Court, the second or successive motion must be certified before petitioner may proceed).

"When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the court of appeals] before filing a successive § 2255 motion."  Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005).  In this case, petitioner has not first obtained authorization from the Eleventh Circuit, and therefore this Court does not have the jurisdiction to consider the merits of petitioner's claims.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Motion to Reconsider, In Light of Welch v. U.S. (Doc. #194) is **DENIED without prejudice** to seeking authorization from the Eleventh Circuit for authorization to file a second or

successive petition within the time constraints of 28 U.S.C. § 2255(f)(3).

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA